FLOR MARÍA MONTAÑEZ, ETC., Plaintiff and Appellee, *v.* GERARDO RODRÍGUEZ, Defendant and Appellant.

No. 9922. Argued April 1, 1949.—Decided April 14, 1949.

*José C. Jusino* for appellant.   *Manuel Torres Reyes* for appellee.

Mr. JUSTICE TODD, JR., delivered the opinion of the Court.

In a former appeal in a case of filiation and support between the same parties, we reversed the judgment of the lower court.  *Montañez* v. *Rodríguez*, 67 P.R.R. 198.  Subsequently, in *People* v. *Rodríguez*, 67 P.R.R. 688, we referred to our ruling in *Vázquez* v. *De Jesús*, 65 P.R.R. 846 and *Montañez* v. *Rodríguez, supra,* and we said:

"\*      \*      \*      \*      \*      \*      \*

"It should be noted, however, that in each of those cases the establishment of the filiation of the minors involved therein as well as an allowance for support, was demanded and that, due to the sole fact that the concubinage had not been proved, the complaints in both cases were dismissed in their entirety.  In both cases credit was accorded to the evidence for the plaintiff, and the paternity was conceded, yet the support sought was not granted to the minors in question.  Certainly this was an error, doubtless due to the fact that in both cases this Court focused its attention on the relations existing between the respective mothers of the minors and the defendants, and on reaching the conclusion in each case that no concubinage existed, it failed to discuss the claim for support advanced as an incident to the action of filiation.[3]"

---

[3] "In *Sánchez* v. *District Court*, 64 P.R.R. 456, we said at p. 457:

" 'The question to be decided is whether it is proper to join in the same complaint an action of filiation with one for maintenance and support.'  And at p. 458:

" '. . . Both actions may be, as they were in this case, joined in a single complaint; but subject, of course, to the limitation contained in subdivision (*b*) of the said Rule 18, that is, that *the lower court could not*

We further held, ratifying a great number of our cases, that:

". . . once the paternity is established, the presumptive father is compelled to furnish support to his minor child . . ."

Doubtlessly, led by our decision in *People* v. *Rodríguez, supra,* the plaintiff Flor María Montañez instituted a new action for maintenance and support against her presumptive father Gerardo Rodríguez. Relying on our decision in *Montañez* v. *Rodríguez, supra,* the defendant moved for the dismissal of the complaint on the plea of former adjudication. The lower court overruled said plea and the defendant took no part in the trial. The plaintiff introduced her evidence and the court found that the plaintiff "is the daughter of the sexual relations had between Saturnina Montañez Montañez and Gerardo Rodríguez" and that the father had the means to support his daugther and consequently ordered him to pay to her fifteen dollars weekly.

Dissatisfied with this judgment, the defendant appealed and alleges that the lower court erred in overruling the plea of res judicata.

■ In the recent case of *People* v. *Ibarra, ante,* p. 523, we said that:

". . . in deciding whether as a matter of public policy the doctrine of res judicata should be applied, either to criminal or to civil cases, this Court also is the one called upon to determine beforehand, 'what was actually decided' in the former case. *Monagas et al.* v. *Vidal,* 170 F. 2d 99. . . ."

■ Accepting that we may have decided in *Montañez* v. *Rodríguez, supra,* that the plaintiff was not entitled to a pension for support according to the facts proved therein, the

---

*sustain the second cause of action and adjudge the defendant to pay an allowance for support without first sustaining the first cause of action declaring the plaintiff an acknowledged natural daughter of the defendant.'* (Italics ours.)

"The reasoning of this opinion will show that the *dictum* which we have italicized above is entirely erroneous."

situation in the present case is different. The right to receive support is continuous provided that the person claiming it needs it for his living, and that the person from whom it is claimed has the means to furnish it. Sections 143, 144, 146 and 147 of the Civil Code (1930 ed.). The plaintiff was entitled to claim support in the first action and did claim it, the lower court having granted it. The fact that the judgment was reversed as to the filiation, does not imply that, once the paternity of the plaintiff is proved, the defendant is not bound to pay the allowance for support which she needs for her living if it is claimed in a new action based on a different situation. Cf. *People* v. *Lugo*, 64 P.R.R. 529, and cases cited therein as to the principle of collateral estoppel in civil cases and *Commissioner* v. *Sunnen*, 333 U. S. 591, 599–602, where said doctrine is discussed bearing on matters occurred on different periods of time which give rise to a different cause of action from the former or to a case where a judicial declaration intervening between the two proceedings—in this case *People* v. *Rodríguez, supra*—may so change the legal situation as to render the rule of collateral estoppel inapplicable.

██ We have repeatedly held that the judgment rendered under § 146 of the Civil Code which provides that "The amount provided for support shall be proportioned to the resources of the person giving such support and to the necessities of the party receiving it, and shall be reduced or increased in proportion to the resources of the former and the necessities of the latter", does not partake of the nature of an ordinary final judgment and does not constitute res judicata. *Molinari* v. *López Acosta*, 20 P.R.R. 477; *Alcaide* v. *Alcaide*, 25 P.R.R. 286; *Ramírez* v. *Ramírez*, 34 D.P.R. 929 *(Per curiam)*. Likewise, an action for support predicated on facts occurred subsequent to an earlier action and under a different legal situation is not subject to the rule of res judicata.

The judgment will be affirmed.